George Tilzer, J.
This is a proceeding pursuant to article 78 of the Civil Practice Act in which petitioner seeks a review of respondent’s determination declaring him delinquent while on parole. It is his contention that he is not subject to the New York State Division of Parole because of compensatory time earned in prison which should be applied as an absolute and irrevocable reduction in sentence. If this is done, the expiration date of his sentence would have been in 1956, and the respondent would have no jurisdiction over him. Petitioner was originally sentenced on April 4, 1929, as a second felony offender, for a crime committed on February 2, 1929. He was sentenced to a definite term of 40 years. He is presently held in the Manhattan House of Detention, under an indictment for a violation of section 1897 of the Penal Law. At the time he was apprehended he was on parole. Heretofore on August 24, 1960, this court refused to grant a writ of habeas corpus on the same facts presented, because he was being held under the indictment and not under the parole violation warrant which was lodged against him (Matter of Scarola v. Silberglitt, N. Y. L. J., Aug. 24, 1960, p. 5, col. 8). If this were a conviction for a crime committed before July 1, 1926, there could be no doubt that petitioner would be entitled to the compensatory time as a matter of right and thus not be subject to the jurisdiction of the respondent (People ex rel. Vanilla v. Denno, 7 N Y 2d 29). However, the Court of Appeals indicated, in a footnote to that case, ‘1 Since our decision is thus limited, it is hardly necessary to add that we are not to be taken as passing upon the rights of prisoners who committed crimes after July 1, 1926.” The Attorney-General has moved to dismiss the petition as a matter of law. The petitioner’s crime, as has been noted, was committed after July 1, 1926. The statute then in effect as to diminution of sentence for good conduct and for willing performance of duty did not effectuate an absolute reduction of the sentence imposed upon petitioner. It specifically provided that11 The term of such convict shall not be reduced by compensation ” (Prison Law, § 230, subd. 4; L. 1926, ch. 736, eff. July 1, 1926). The compensatory time allowed by statute was not a right in the nature of a contract which might not be taken away. Rather, the reduction credited to a prisoner was a matter of discretion or grace. It might accelerate the prisoner’s *116 parole so as to permit him to go outside the prison walls, but he nevertheless remained on parole until the expiration of the term of his sentence (Prison Law, §-242; present Correction Law, § 241). The compensatory time credited to the petitioner did not create a vested right to absolute reduction of sentence or discharge from the custody of the parole authorities (People ex rel. Vanilla v. Denno, 7 N Y 2d 29, supra; People ex rel. Kenny v. Jackson, 4 N Y 2d 229; Matter of Scarola v. Mailler, 3 A D 2d 688 [3d Dept.]). Petitioner’s application is dismissed and the cross motion of the respondent granted. . Respondent is directed to provide petitioner with a copy of this determination.